IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants.<br>_____ | No. C 07-5574 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE ANSWER; DENYING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT, FOR APPOINTMENT OF COUNSEL AND FOR PRELIMINARY INJUNCTIVE RELIEF OR TEMPORARY RESTRAINING ORDER**<br><br>**(Docket Nos. 3, 8 & 9)** |

On November 1, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In his complaint, plaintiff alleges that beginning in March 2006 and continuing thereafter, prison officials and medical staff at PBSP have violated his constitutional rights and acted negligently in failing to provide him with an MRI and adequate medical care for severe chronic pain in his right knee, even though a doctor at Sutter Coast Hospital, where plaintiff underwent surgery on his knee in 2005, has said plaintiff requires an MRI and further surgery. The Court finds plaintiff's allegations, liberally construed, state cognizable claims for deliberate indifference to his serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), as well as for negligence, against the following defendants: J. Flowers, Sue Risenhoover, Dr. Michael Sayre, Joseph Kravitz, Maureen McLean, N. Grannis and R. Pimental.

Plaintiff's allegations do not state cognizable claims for relief, however, against defendants Scott Kernan (Acting Director of the California Department of Corrections and Rehabilitation), Robert Horel (Warden of PBSP), and C. Scavetta (Associate Warden of PBSP), as plaintiff has not directly linked any of these defendants to the alleged violation of plaintiff's constitutional rights. Rather, each such defendant is merely named in the complaint, without any description of his conduct.[1] Accordingly, these defendants will be dismissed; if plaintiff wishes to amend his complaint to add facts linking said defendants directly to his claims, he may do so as set forth below.

//

---

[1] To the extent plaintiff may have included these three defendants solely on the basis of their positions of authority within the California Department of Corrections and Rehabilitation or at PBSP, the Court further notes that a claim under 42 U.S.C. § 1983 may not be based on a theory of respondeat superior liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2

C. <u>Motion to Amend</u>

On December 14, 2007, plaintiff filed a motion to amend his complaint to add two additional defendants. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. <u>See</u> Fed. R. Civ. P. 15(a). As no responsive pleading has yet been served in this case, plaintiff's motion will be denied as moot and the Court will deem the amendment to be part of the complaint.

In said amendment, plaintiff alleges that P. Penner and W. Murray, both of whom are correctional officers at PBSP, retaliated against him for filing the instant action when, on November 26 and November 27, 2007, they failed to respond to his requests to help him locate his "Certificate of Funds in Prisoner's Account," which document plaintiff was required to send to the court in support of his application to proceed in forma pauperis in this case. Plaintiff's allegations fail to state a cognizable claim for relief, however, because plaintiff suffered no harm from either of said defendants' actions. <u>See</u> <u>Rhodes</u> v. <u>Robinson</u>, 408 F.3d 559, 567-68 & n.11 (9th Cir. 2005) (holding prisoner must allege he suffered harm in order to state viable retaliation claim). In particular, plaintiff's "Certificate of Funds in Prisoner's Account" was eventually located, it was filed in this case on December 7, 2007, and plaintiff has been granted leave to proceed in forma pauperis in an order filed concurrently herewith. Accordingly, plaintiff's retaliation claims will be dismissed without leave to amend.

D.   <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. <u>See</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

E.   Motion for Preliminary Injunction or Temporary Restraining Order

Plaintiff has filed a motion by which he asks the Court to immediately order PBSP to send him for an MRI and to replace his right knee brace, which brace defendant Risenhoover allegedly took from plaintiff upon determining plaintiff no longer needed it in order to walk. Plaintiff, however, has neither complied with the notice requirement for issuance a preliminary injunction or temporary restraining order, nor has he certified the reasons for his failure to provide such notice. See Fed. R. Civ. P. 65(a)(1), (b)(1). Accordingly, the motion will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions to amend the complaint, for appointment of counsel, and for a preliminary injunction or temporary restraining order are hereby DENIED. (Docket Nos. 3, 8 & 9.)

2. Plaintiff's claims against defendants P. Penner and W. Murray are hereby DISMISSED with prejudice.

3. Plaintiff's claims against defendants Kernan, Horel and Scavetta are hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the pleading deficiencies as to these defendants, as noted above. A copy of the form is provided herewith. Plaintiff shall complete the form and include in the caption both the case number of this action, No. C 07-5574 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

4

**If plaintiff fails to timely file an amended complaint in conformity with this order, the claims against Kernan, Horel and Scavetta will be dismissed.**

4. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **J. Flowers, Sue Risenhoover, Dr. Michael Sayre, Joseph Kravitz, Maureen McLean and R. Pimental, all at PBSP, and upon N. Grannis, Chief of the Inmate Appeals Branch, at the California Department of Corrections and Rehabilitation in Sacramento, California**. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

5. The court has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The Court finds the instant matter suitable for mediation proceedings following service of the summons and complaint on defendants. Accordingly, **defendants shall file an answer** within **sixty days** of the date this order is filed, at which time the Court will refer the instant action for mediation under the Pro Se Prisoner Mediation Program.

6. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, although reasonable extensions will be granted. Moreover, the party making the motion for an extension of time is not relieved from his or

her duty to comply with the deadlines set by the Court merely by having made such motion. Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: April 18, 2008

_____
MAXINE M. CHESNEY
United States District Judge