1  Michael P. Williams  CDCR# J-67955
2  Pelican Bay State Prison/Security Housing Unit
3  P.O. Box #7500 – D-Facility-Building #1-cell 115
4  Crescent City, California. 95532-7000
5      IN PROPRIA Persona
6

**FILED**

JUN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

7        IN THE UNITED STATES DISTRICT COURT
8      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  Michael P. Williams | CASE NO. *CV-07-5574 mmc(pr) |
| 11      [PLAINTIFF] | |
| 12  | AMENDED COMPLAINT |
| 13      vs. | |
| 14  Michael Sayre; Chief Medical | 1.) DELIBERATE INDIFFERENCE |
| 15  Officer (cmo.) ASSIGNED TO | TO MEDICAL CONDITIONS |
| 16  Pelican Bay State Prison IN DEL | 2.) DENIAL OF MEDICAL |
| 17  Norte County; | TREATMENT |
| 18  Sue RisenHoover; Facility Nurse | 3.) Failure TO Perform |
| 19  Practitioner (F.N.P.) ASSIGNED TO | Duties |
| 20  O-Facility Security Housing Unit(s) | 4.) CRUEL AND Unusual |
| 21  AT Pelican Bay State Prison in Del | Punishment Causing |
| 22  Norte County; | Pain AND Suffering |
| 23  J. Flowers; Registered Nurse (R.N.) | 5.) Demand for TRIAL |
| 24  ASSIGNED TO Pelican Bay State | |
| 25  Prison in Del Norte County; | |
| 26  Joseph Kravitz; Health Program | |
| 27  Coordinator (H.P.C.) ASSIGNED TO | |
| 28  Pelican Bay State Prison in DEL | |

(1)

1  Norte County;
2  Maureen Mclean; Health Care Manager (H.C.M.) And
3  Facility Nurse Practitioner (F.N.P.) Assigned to
4  Pelican Bay State Prison in Del Norte County;
5  R. Pimental; Appeals Examiner Assigned As
6  the Facility Captain At Pelican Bay State Prison in
7  Del Norte County;
8  N. Grannis; Is The Chief Inmate Appeals Branch
9  Officer In the California Department Of Corrections
10  And Rehabilitations (C.D.C.R.) In the Sacramento
11  Office, Sacramento, California.
12
13                    (DEFENDANT(S)
14  _____
15
16                    JURISDICTION
17
18      1.) This is a civil Action Complaint Seeking
19  Injunctive Relief and Monetary damages by the above
20  entitled defendant(s), for Deliberate Indifference to
21  Known And Severe Medical condition and needs of
22  Plaintiff; Failure to Perform assigned duties that would
23  have prevented Severe Pain And Suffering of Known Medical
24  Conditions which Constituted Cruel And Unusual Punishment
25  without Panalogical Justification, And failure to investigate
26  And Perform duties in designated Appeals by Plaintiff to
27  Prevent Continual denial of necessary Medical treatment
28
                    (2)        AMENDED COMPLAINT

1  and Surgery demonstrating Deliberate Indifference, Cruel

2  and Unusual Punishment, And Pain and Suffering.

3      2.) This Action arises from violations Under 42 U.S.C.

4  § 1983 Civil Rights.

5      3.) The Jurisdiction of this Court is based Upon

6  28 U.S.C. Sections §§ 1331 and 1343.

7      4.) All of the above Named Defendant(s) are

8  employees of the California Department Of Corrections

9  And Rehabilitations (C.D.C.R.) who are assigned to Pelican

10  Bay State Prison in Del Norte County where the claims

11  herein arise.

12      5.) In this Action venue is proper Under 28

13  U.S.C. § 1391 (b)(2).

14

15            <u>PLAINTIFF</u>

16

17      6.) Plaintiff, <u>Michael P. Williams</u>, is a state

18  Prisoner currently confined at Pelican Bay State Prison

19  (P.B.S.P.) assigned to the Security Housing Unit(s) (S.H.U.)

20  Located in Del Norte County.

21

22            <u>DEFENDANT(S)</u>

23

24      7.) Defendant, <u>Michael Sayre</u>, is the Chief Medical

25  Officer (C.M.O.) assigned to Pelican Bay State Prison and is

26  the Supervisor of all Medical personnel at Pelican Bay

27

28          (3)    <u>AMENDED COMPLAINT</u>

1  State Prison, To and including the Security Housing Units
2  (S.H.U.). He is responsible for all decision making of
3  Medical treatment for Prisoners; And, authorization for all
4  Medical procedures afforded to prisoners at the prison.

5       8.) Defendant, <u>Sue Risenhoover</u>, is the facility
6  Nurse Practitioner (F.N.P.) at Pelican Bay State Prison
7  and is assigned to the "D" facility, Security Housing Units
8  (S.H.U.) in the position as the Primary Care Provider (P.C.P.)
9  to Prisoners Under her Care. She is responsible for the
10 Medical treatment and care of all Prisoners Under her title
11 as facility Nurse Practitioner (F.N.P.) position and is responsible
12 to follow doctor's orders and recommendations and is
13 responsible for Submitting Medical orders and
14 recommendations to her Supervisor Defendant Michael Sayre
15 as the Chief Medical Officer (C.M.O.) at the Prison.

16      9.) Defendant, <u>J. Flowers</u>, is designated as a
17 Registered Nurse (R.N.) at Pelican Bay State Prison (P.B.S.P.)
18 and is assigned to the "D" facility Security Housing Units
19 (S.H.U.). He is responsible for the health care of Prisoners
20 and Upon interview and observation to document the
21 Medical Complaints and Submit the documentation to his
22 Supervising Medical Officer.

23      10.) Defendant, <u>Joseph Kravitz</u>, is the Health Program
24 Coordinator (H.P.C.) assigned to Pelican Bay State Prison (P.B.S.P.)
25 in the position to effectively afford Prisoners access to
26 Medical Care, treatment and alleviate severe pain Supported
27
28                    -4-              <u>AMENDED COMPLAINT</u>

1  by diagnostic information and Consultations with
2  appropriate Specialists. He is responsible in Coordinating
3  Medical programs to and including convening a Medical
4  authorization Review [MAR] committee to consider and
5  approve medically necessary treatment and Surgery to
6  prevent disability or alleviate Severe pain.
7        11.) Defendant, Maureen Mclean, is the Health Care
8  Manager (H.C.M.) and facility Nurse Practitioner (F.N.P.)
9  assigned to Pelican Bay State Prison (P.B.S.P.) in the Position
10  to effectively afford Prisoner's access to necessary Medical
11  Care, treatment and alleviate Severe pain Supported by
12  diagnostic information and Consultations with Appropriate
13  Specialists. She is responsible as a Manager or Health
14  Care at the Pelican Bay State Prison (P.B.S.P.), that afford
15  Medical Programs to and including convening a Medical
16  Authorization Review [MAR] committee to consider and
17  approve medically necessary Health care, treatment and
18  Surgery, when necessary, to prevent disability and/or
19  alleviate Severe pain.
20        12.) Defendant, R. Pimental, facility Captain who is
21  designated as the Appeals Examiner at Pelican Bay State
22  Prison (P.B.S.P.). He is responsible to review Prisoner's Appeals
23  contents and examine all evidence without bias and
24  review medical files, when necessary, to properly make
25  an official response.
26        13.) Defendant, N. Grannis, is the Chief Inmate
27
28                        -5-        AMENDED COMPLAINT

1  Appeals Branch Officer assigned in the California Department
2  of Corrections and Rehabilitation (C.D.C.R.) in Sacramento,
3  California. He is responsible for designating investigative
4  Officials to examine Inmate Appeals, facts cited by Appeals,
5  documents and interviews of prison Officials and Prisoners.
6      14.) Each defendant is party to this civil Action, through
7  their failure to properly perform assigned duties and responsibilities
8  that caused civil Rights violations to Plaintiff.
9      15.) Each defendant was acting in their Official and
10  Individual capacities acting under the Color of Law, And
11  their assigned positions affected their actions and inactions
12  that affected Plaintiffs' Health and Safety. Each defendant
13  showed deliberate Indifference causing Cruel and Unusual
14  Punishment and directly caused pain and Suffering.
15
16              <u>Statement Of Facts</u>
17
18      16.) Plaintiff, Michael P. Williams was confined at
19  Pelican Bay State Prison [P.B.S.P.] and confined in the Security
20  Housing Units [S.H.U.], "D" facility, Building #7, Cell #230.
21      17.) Plaintiff Michael P. Williams Suffered extreme Pain
22  and Suffering in his right Knee that he brought to the
23  attention of Pelican Bay State Prison Personnel, And
24  whatever Doctor he saw, in an attempt to Seek proper
25  Medical treatment, and if necessary, Surgery to alleviate
26  the pain and Suffering.
27
28              -6-      <u>AMENDED COMPLAINT</u>

1.    18.) Eventually Plaintiff Michael P. Williams obtained
2. approval by the Medical Authorization Review [M.A.R.]
3. Committee for surgery of right Knee.
4.    19.) On July 30th, 2004, Plaintiff was transported by van
5. to Sutter Coast Hospital In Crescent City, California for
6. an "Arthroscopy and Partial Medial Meniscectomy" Surgery on
7. his right Knee that was performed by Doctor Mark M. Lau.
8.    20.) Plaintiff Michael P. Williams, Shortly after the
9. July 30th, 2004 right Knee Surgery, began experiencing extreme
10. pain and Suffering. The pain got so severe that Plaintiff
11. again Sought out Medical treatment from Sue Risenhoover,
12. Facility Nurse Practitioner [F.N.P.], from August, 2004, up through
13. November 8th, 2005, Plaintiff was prescribed pain medication
14. "Robaxin" (750 mg) (Spelling) "Gavapentin", and "Naproxin" (500mg),
15. but these medications did not prevent the Severe pain and
16. Suffering "DAILY", until approved for Surgery, by chief Medical
17. Officer [C.M.O.] Michael Sayre, and the Pelican Bay State
18. Prison Medical Authorization Review [M.A.R.] committee to
19. attempt to correct incompetent and blotched Surgery by
20. Doctor Mark M. Lau, on July 30th, 2004.
21.    21.) On November 8th, 2005, Plaintiff Michael P. Williams
22. was transported by van to Sutter Coast Hospital in crescent
23. City, California, Undergoing a "Second" "Arthroscopy and
24. Partial Medial Meniscectomy" Surgery on the right Knee in
25. an attempt to correct the blotched July 30th, 2004 Surgery.
26. The November 8th, 2005 Surgery was conducted by Orthopedic
27.
28.                    -7-     AMENDED COMPLAINT

1  Surgeon Gregory Duncan, who indicated that he did not have
2  alot of cartilage to work with but, would attempt to
3  correct the July 30th, 2004 Surgery mistakes.

4      22.) On April 2nd, 2006, Plaintiff Michael P. Williams
5  Submitted a "Inmate Request For Interview" to the Pelican Bay
6  State Prison [P.B.S.P.] Security Housing Units [S.H.U.] "D" facility
7  Clinic Seeking Medical attention for back problems and Right
8  Knee was giving him severe pain, and that a follow-up interview
9  had been scheduled with Doctor Gregory Duncan, Orthopedic
10 Surgeon. A registered Nurse [R.N.] T. Lumpie responded in
11 writing: "You have an appointment scheduled to follow up
12 Epidural Steroid Injections [E.S.I.] for back", but no mention
13 of interview with Doctor Duncan.

14     23.) On April 9th, 2006, Plaintiff Michael P. Williams
15 Submitted another "Inmate Request For Interview" slip complaining
16 of severe pain in his right knee and denial of follow-up
17 interview with Doctor Gregory Duncan. Registered Nurse
18 [R.N.] J. Flowers responded that: "On August 29th, 2005, an X-Ray
19 showed no change in Plaintiff's Right Knee, and that it
20 was Normal. This is complete incompetense on Registered
21 Nurse [R.N.] J. Flowers, And Showed deliberate Indifference, as
22 documented in his Medical file that Plaintiff "was" operated
23 on by Orthopedic Surgeon Gregory Duncan on "November 8th,
24 2005" to correct Doctor Mark M. Law's blotched right knee
25 surgery, so Plaintiffs' right knee could "NOT" have been Normal
26 on August 29th, 2005.

27

28                    -8-    AMENDED COMPLAINT

1.    24.) On April 16, 2006, Plaintiff Michael P. Williams
2. Submitted another "Inmate Request for Interview" slip
3. Complaining of Continual severe pain and Suffering on his right
4. Knee and that Doctor Gregory Duncan Stated that Plaintiff
5. did not have enough cartilage left to "fully" correct the
6. damage to the right Knee and that Plaintiff would need to
7. Submit to a third (3rd) Surgery soon. Plaintiff requested to
8. have a Magnetic Resonance Imaging [M.R.I.] to demonstrate
9. the Severe damage to his right Knee.
10.    25.) On April 19th, 2006, registered Nurse [R.N.] J. Flowers
11. responded to Plaintiff's "Inmate Request for Interview" slip stating,
12. "you have an appointment scheduled with the Primary Care
13. Provider [P.C.P.] in the near future", But his response only referred
14. to medication renewals.
15.    26.) On May 21st, 2006, Plaintiff Michael P. Williams Submitted
16. two (2) "Inmate Requests for Interview" directed to the Pelican
17. Bay State Prison Medical Personnel of his severe pain, swelling,
18. Grinding and Numbness on the right Knee which Plaintiff
19. has to endure day and Night of the pain and Suffering. On
20. May 31, 2006, registered Nurse [R.N.] J. Flowers showed deliberate
21. Indifference to Plaintiff's pain and Suffering on his response by
22. Stating: "Stop Submitting repeated requests for Medical attention.
23.    27.) On May 24, 2006, Plaintiff Michael P. Williams Submitted
24. an "Inmate Request for Interview" slip requesting Medical treatment
25. from Medical personnel for his right Knee that was Constantly
26. Causing severe pain, Lack of Sleep, swelling and Numbness
27.
28.                    -9-    AMENDED COMPLAINT

1 at times, Plaintiff clearly notified Defendant facility
2 Nurse Practitioner [F.N.P.] Sue Risenthover, Registered Nurse [RN]
3 J. Flowers, and Defendant Chief Medical Officer [C.M.O.]
4 Michael Sayre, that the pain medication currently prescribed
5 was "NOT" working and he sought an Magnetic Resonance
6 Imaging [M.R.I] for assessment of the actual damage to his
7 right Knee.

8     28.) A response occured on May 31, 2006, from Medical
9 Technical Assistant [M.T.A.] C. McAllister to the May 24, 2006
10 "Inmate Request for Interview" that stated: "Time elapsed since
11 Plaintiff's last Knee evaluation". There was "NO" response
12 regarding change of medication nor Pain and Suffering.

13     29.) Plaintiff Michael P. Williams submitted an "Inmate
14 Request for Interview" dated May 31, 2006, upon receipt of
15 M.T.A. C. McAllisters' failure to interview him or bring
16 his Complaint's to an actual Doctor which clearly
17 demonstrates deliberate Indifference to Known serious
18 Medical problems.

19     30.) Plaintiff Michael P. Williams' "Inmate Request for
20 Interview" of May 24, 2006 and response of May 31, 2006,
21 clearly identified a Known serious Medical Condition that was
22 completely ignored by Pelican Bay State Prison Medical Personnel
23 under the Supervision by Defendant Chief Medical Officer
24 [C.M.O.] Michael Sayre, Defendant facility Nurse Practitioner
25 [F.N.P.] Sue Risenthover who failed to prescribe adequate
26 medication for Plaintiffs pain and Suffering in his right
27
28                         -10-          AMENDED COMPLAINT

1  Knee. The Medication prescribed by Defendant Sue Risenhoover
2  for Plaintiffs right Knee caused vomiting but failed to Stop
3  the pain. Each request was either ignored or failure by Pelican
4  Bay State Prison Medical personnel to prescribe proper medication
5  for the pain and Suffering.

6      31.) On June 7, 2006, Plaintiff Michael P. Williams Submitted
7  a "Health Care Services Request form [SickCall Slip] Notifying
8  Medical personnel that the pain medication prescribed for Severe
9  pain in his right Knee was inadequate as it failed to stop the
10 daily pain, which prevented Normal Nightly sleeping; There was
11 Swelling and Numbness in the right Knee. Plaintiff again
12 notified Medical personnel that Doctor Gregory Duncan had
13 told him this would occur and would require a third (3rd)
14 Surgery on his right Knee. Defendant Sue Risenhoover, Facility
15 Nurse Practitioner [F.N.P.] saw Plaintiff and indicated a
16 "request" for an Magnetic Resonance Imaging [M.R.I.] would
17 be Submitted for approval. Defendant Sue Risenhoover waited
18 until June 19th, 2006, to submit this request to Doctor Gregory
19 Duncan.

20     32.) On June 7, 2006, Plaintiff Michael P. Williams Submitted
21 an "Inmate Request for Interview" Slip which Notified Pelican
22 Bay State Prison Medical personnel of the Continuous Severe
23 pain, Swelling, Lack of sleep and Numbness in his right Knee. On
24 June 9, 2006, Defendant J. Flowers, Registered Nurse [R.N.]
25 responded by Stating: "you are on the Schedule and you have
26 been since your original Sick-call #7362, — Unfortunately
27
28                          -11-   AMENDED COMPLAINT

1  we are sharing our Primary Care Provider [P.C.P.] with

2  'F-yard.

3      33.) On June 14, 2006, Plaintiff Michael P. Williams

4  Submitted a "Inmate/Parolee 602 Inmate Appeal form [log

5  No. # D-06-01551] to the informal level of Appeal Process

6  indicating "Numerous" requests for proper medical care were

7  sent to the medical personnel since March 3, 2006, but as to

8  date, no adequate medical treatment had been rendered when

9  Plaintiff sought approval for another "Magnetic Resonance

10  Imaging [M.R.I.] to be conducted regarding the Continuous

11  Severe pain and daily Suffering of his right Knee.

12      34.) On June 29, 2006, Defendant J. Flowers, registered

13  Nurse [R.N.] "denied" Plaintiff Michael P. Williams' informal level

14  Appeal [Log. No.# D-06-01551] by stating: "That on August 29, 2005,

15  Plaintiff had an X-Ray which showed no sign of Problem. It

16  Should be noted that documentation in Plaintiffs' Medical

17  file indicated that on May 6th, 2005, an M.R.I. was conducted on

18  Plaintiffs' right Knee, which in turn, required Orthopedic

19  Surgery on November 8, 2005, for the damage to be repaired.

20      35.) On June 29, 2006, Plaintiff Michael P. Williams

21  Submitted his "Inmate/Parolee 602 Inmate Appeal form [log

22  No.# D-06-01551] to the formal level Review indicating

23  Plaintiff was dissatisfied with the informal Level's

24  review and Statements of June 29, 2006, by Defendant J.

25  Flowers.

26      36.) On July 5, 2006, Plaintiff Michael P. Williams

27

28                    - 12 -        AMENDED COMPLAINT

1. Submitted a "INMATE REQUEST FOR INTERVIEW" slip to Defendant
2. J. Flowers, registered Nurse [R.N.], notifying him that "X-Rays
3. do not show Cartilage, tendons, and tissue, but a Magnetic
4. Resonance Imaging [M.R.I.] would clearly identify any and
5. all damages to Plaintiffs right Knee which is causing severe
6. pain and Suffering. Defendant J. Flowers indicated in his
7. response: "you will be scheduled soon for follow-up".
8.     37.) On July 11, 2006, Plaintiff Michael P. Williams Submitted
9. yet another "Inmate Request for INTERVIEW" slip to "D'-clinic
10. Medical personnel Defendant(s) Sue Risenhoover, Facility Nurse
11. Practitioner [F.N.P.] and J. Flowers, Registered Nurse [R.N.]
12. who had denied Plaintiff medical treatment. Plaintiff once
13. again brought to the Defendant's attention that he was
14. Suffering severe right Knee pain that was becoming
15. progressively worse, with swelling, Grinding and Numbness.
16.     38.) On July 24th, 2006, Defendant Sue Risenhoover, Facility
17. Nurse Practitioner [F.N.P.] had Plaintiff brought to the "D'-
18. facility Clinic, at which time, Defendant Sue Risenhoover
19. Stated: "I Submitted the proper medical forms in order for
20. Plaintiff to obtain a Magnetic Resonance Imaging [M.R.I.]
21. but it was denied because previous X-ray's had shown
22. nothing wrong with right Knee." Plaintiff then informed
23. Defendant Sue Risenhoover that these statements were Not
24. Supported by any facts as Plaintiff previously had X-rays
25. on his right Knee but then was afforded an M.R.I., that
26. clearly showed torn Meniscuses, requiring Surgery for the
27.
28.                    —13—          AMENDED COMPLAINT

1. "damage on two (2) seperate occasions in 2004, and
2. 2005.
3.     39.) On August 1, 2006, Plaintiff Michael P. Williams
4. Submitted a "Health Care Services Request form [sick call
5. slip] regarding the continuous severe right Knee pain
6. that was getting worse and the joint started "Popping"
7. out of place, with grinding in the right Knee and swelling.
8.     40.) On August 7, 2006, Plaintiff Michael P. Williams was
9. taken to the "D"-Clinic to be seen by Defendant Sue
10. Risenhoover, Facility Nurse Practitioner [F.N.P.] to discuss the
11. medication problem regarding Plaintiffs' right Knee and
12. Submittal of another request for a Magnetic Resonance
13. Imaging [M.R.I.] for Plaintiffs' right Knee. That was again
14. "denied" by the Medical Authorization Review-[MAR]
15. Committee alleging that the right Knee was Normal.
16. Plaintiff disputed this assertion and explained that on
17. two (2) occasions the x-ray's could not show the detailed
18. damage the M.R.I. did, and would, to identify the
19. damage to the right Knee.
20.     41.) On August 16, 2006, Plaintiff Michael P. Williams
21. received his "Inmate/Parolee 602 Inmate Appeal form [LOG
22. NO.# D-06-01551] First level response from Defendant(s)
23. Sue Risenhoover, Facility Nurse Practitioner [F.N.P.][P.C.P.],
24. and Michael Sayre, M.D., Chief Medical Officer [C.M.O.]
25. denying Plaintiffs' Complaints. Defendant(s) Laid out the
26. Appeal issue's to and including Defendant J. Flowers,
27.
28.                    —14—        AMENDED COMPLAINT

1  Registered Nurse [R.N.] informal level Review response indicating
2  that, on August 29, 2005, x-ray's showed a "Normal Knee", and/
3  or with internal changes; ON June 20, 2006, the Utilization
4  Management Committee [U.M.C.] met and authorized "Physical
5  Therapy" for 4-5 visits at the Specialty Clinic and getting
6  "INDOMETHOCIN" 50 mg. /P.O. /QD., since June 21, 2006.
7  Defendant Michael Sayre, M.D., noted in his formal level
8  response: "He had personally examed Plaintiffs' on June 1st, 2006,
9  where the Black Neoprene Knee sleeve was removed to examine
10  the right Knee. Defendant Michael Sayre, M.D., stated: "The
11  Patella was tender to Palpate, as well as the medial / lateral
12  "joint lines." Plaintiff notified both Defendant(s) Sue Risenhoover,
13  Primary Care Provider [P.C.P.] and Michael Sayre, M.D., that "it
14  hurt to extend his right Knee."
15      42.) On August 7th, 2006, Defendant(s) Sue Risenhoover,
16  Primary Care Provider [P.C.P.], and Michael Sayre, (M.D.), prescribed
17  Plaintiff Michael P. Williams "Amitriptyline" H.C.L. 25 mg.
18  tablets. — But after thirty (30) day's the dosage was
19  reduced to 10 mg. tablets, one per day.
20      43.) On September 19, 2006, and September 20, 2006,
21  Defendant(s) Joseph Krawitz, Health Program Coordinator [H.P.C.],
22  and Maureen Mclean, Health Care Manager [H.C.M.] responded
23  to Plaintiff Michael P. Williams' "Inmate/Parolee 602 Inmate
24  Appeal form" [Log No. # 0-06-01551] who "Partially Granted"
25  the 602 Inmate Appeal by designating Plaintiff to do
26  "Physical Therapy" for the right Knee but "DENIED" the
27
28                    — 15 —          AMENDED COMPLAINT

1  Magnetic Resonance Imaging [M.R.I.] examination. Plaintiff
2  began "Physical Therapy" but the therapist's prescribed
3  exercises and repetitions were beyond Plaintiffs' right
4  knee capacity, ability, and strength as it caused severe
5  pain. Plaintiff was only able to do 1 to 3 repetitions for
6  the four (4) therapy sessions but it was then discontinued.
7  Plaintiff did indicate that he was sleeping better with
8  the new medication "Amitriptyline" at 25 mg., but the
9  defendant reduced the prescription to 10 mg., which was
10  then not effective up to the present date.
11     44.) On November 28, 2006, Defendant N. Grannis,
12  Sacramento Inmate Appeals Branch, responded to Plaintiffs'
13  "Inmate/Parolee 602 Inmate Appeal [Log No.* D-06-01551]
14  filed at Directors Level Appeal decision [Log No.* I.A.B.,
15  Case No* 0604008] that "approved" the previous Defendant(s)
16  responses to Plaintiffs' medical conditions and treatment,
17  as well as concurring with the Medical Authorization
18  Review [MAR] committee's "DENIAL" of an M.R.I., but
19  approved the 4 or 5 sessons of Physical Therapy. There was
20  NO independant investigation into Plaintiffs' complaints
21  of Medical deliberate Indifference, Cruel and Unusual
22  Punishement and pain and suffering up to the date of
23  response.
24     45.) On October 2, 2006, Plaintiff Michael P. Williams
25  Submitted a "Health Care Services Request form" identifying
26  his Medical problem with continued severe right knee
27
28                  — 16 —              AMENDED COMPLAINT

1  pain, swelling, numbness and grinding noises in the right
2  knee joint. Also, a continued request for an M.R.I. to
3  identify the knee damage.
4      46.) On October 11, 2006, Plaintiff was escorted to
5  the "D"-facility clinic to be seen by Defendant Sue
6  Risenhoover, facility Nurse Practitioner [F.N.P.] regarding
7  Plaintiffs' severe right knee pain, constant swelling, numbness
8  and with pain on a scale of level six (6). Plaintiff then
9  notified Defendant Sue Risenhoover that the 'Physical
10  Therapy' routine did not help his knee, when he was able
11  to actually do the exercise, which actually exasperated the
12  right knee to a point of causing extreme pain and suffering
13  for day's thereafter the Physical Therapy sessions.
14      47.) On October 30, 2006, Plaintiff Michael P. Williams
15  was called to the "D"-section/pod door to be seen by Linda
16  Gaum, registered nurse [R.N.] where Plaintiff complained to
17  her about the severe pain in his right knee. Linda Gaum [R.N.]
18  stated she would refer Plaintiff to the Primary Care
19  Provider [P.C.P.], Defendant Sue Risenhoover, as Ms. Gaum
20  [R.N.] stated she was unable to properly evaluate the right
21  knee due to the scope of her license in a registered nurse
22  position.
23      48.) On December 4th, 2006, and December 11th, 2006, Plaintiff
24  Michael P. Williams submitted 'Health Care Services' request forms
25  [sick call slips] attempting to bring to the attention of
26  "D"-facility medical personnel Defendant Sue Risenhoover,
27
28                    -17-              AMENDED COMPLAINT

1  facility Nurse Practitioner [F.N.P.] that his right knee pain was
2  becoming worse daily and he needed medical attention and
3  a "Magnetic Resonance Imaging [M.R.I.] exam to identify
4  the actual damage to the right knee for a potential
5  future surgery to Plaintiffs' known and serious medical
6  condition that affects his daily activities which creates
7  pain and suffering.
8       49.) On March 2, 2007, Plaintiff Michael P. Williams
9  recieved a "Physicians Progress Report" and "Physicians Orders"
10 to determine the damage to the right knee ordered by
11 Pelican Bay State Prison's contracted Orthopedist Specialist
12 Gregory Duncan, M.O., recommending a "Magnetic Resonance
13 Imaging [M.R.I.] to be conducted on Plaintiffs' right
14 knee to make an actual determination of recurrant
15 tears on the medial meniscus.
16      50.) On April 10, 2007, Plaintiff personally wrote a
17 letter to Defendant Michael Sayre, M.D., Chief Medical Officer
18 [C.M.O.] at Pelican Bay State Prison to notify him that
19 since February 2006, Plaintiff has been complaining about
20 a tear and re-injury of his right knee, and repeatedly
21 requested a Magnetic Resonance Imaging [M.R.I.] exam to
22 actually determine the damage sustained to his right knee
23 since the last surgery on November 8, 2005. Plaintiff
24 explained that both the Physical Therapist and Orthopedic
25 Specialist Gregory Duncan, M.D, had determined that: "
26 More tests were required on the right knee; and an M.R.I.
27
28                    -18-      AMENDED COMPLAINT

1  was advised to actually determine recurrent tears in the
2  medial meniscus of the right Knee." Defendant Michael
3  Sayre, M.D., Chief Medical Officer [C.M.O.] actually failed
4  to follow the Orthopedic Specialist's Gregory Duncan, M.D.,
5  recommendation clearly showed deliberate Indifference to
6  Plaintiffs' severe pain and Suffering.
7      51.) On May 2, 2007, and May 7, 2007 Plaintiff
8  Michael P. Williams was escorted to the "D" facility Clinic
9  to be seen by Defendant Sue Risenthoover, facility Nurse
10  Practitioner [F.N.P.] regarding Medical problems with his
11  right Knee. Plaintiff was informed that the Medical
12  Authorization Review [MAR] committee was again "denied"
13  a Magnetic Resonance Imaging [M.R.I.] exam but, he could
14  get the M.R.I. "If" he stipulated to Submit to
15  Surgery on his right Knee. Plaintiff "AGREED" to these
16  terms but then the MAR committee retracted it's proposal
17  because of Budget Cuts. This blaintant "Denial" of a
18  needed Medical procedure and surgery is improper and Show's
19  deliberate Indifference to Plaintiffs' Known severe Medical
20  needs, which in turn, Show cruel and Unusual Punishment
21  to Plaintiffs' Known Pain and Suffering.
22      52.) On September 3rd, 2007, Plaintiff Michael P. Williams
23  was escorted to the "D" facility Clinic to be seen by
24  Defendant Sue Risenthoover, facility Nurse Practitioner [F.N.P.]
25  whom stopped Plaintiff from Seeking Medical treatment for
26  his right Knee, and that he would have to Submit another
27
28                          - 19 -          AMENDED COMPLAINT

1  Medical form to be interviewed.

2      52) On November 28th, 2006, a review and report was

3  Submitted by Defendant R. Pimental, Pelican Bay State Prison,

4  facility Captain, who was acting for the California Department

5  of Corrections and Rehabilitations [C.D.C.R.]—Directors assigned

6  reviewer, that was Submitted to Defendant N. Grannis,

7  Chief Inmate Appeal Branch, appointed by the Director of

8  Corrections to respond to inmate Appeals. The Director's Level

9  Reviewer designatee "Denied" the Appeal claims Submitted

10  by Plaintiff that exhausts All Administrative remedies.

11  Defendant R. Pimental accepted the Pelican Bay State Prison's

12  Second [2nd] level reviewes, Defendant(s) Joseph Kravitz

13  and Maureen Mclean, response findings submitted on September

14  19th, 2006. The reviewers indicated that the Appellant has

15  been evaluated by his Primary Care "Physician" and that

16  his case was refered to the MAR. That the MAR [medical

17  Authorization Review committee] is composed of the institutions

18  Medical Doctor's and Health care Manager, and they have final

19  Approval prior to an outside consultation being ordered. The

20  D.L.R. [Directors Level Review] finds that the Appellants

21  Medical concerns are being adequately addressed by the

22  institution. [It should be noted that, there is "NOT" a Primary

23  Care "Physician" at Pelican Bay State Prison but there is a

24  Primary Care Practitioner, Defendant Sue Risen Hoover, facility

25  "NURSE" Practitioner].

26      53) Each Defendant(s) Were acting in their Official

27

28                  –20–        AMENDED COMPLAINT

1  and Individual Capacities as employees of the State of
2  California and California Department Of Corrections and
3  Rehabilitations under the color of State Law. Each defendant
4  acting in their assigned Positions, Affected their actions
5  and inactions, which affected Plaintiffs' health and safety;
6  clearly demonstrating deliberate Indifference causing cruel
7  and Unusual Punishment Which caused Plaintiff pain and
8  suffering.

9

10

11        LEGAL  CLAIMS

12

13        First Cause Of Action
14        [EIGHTH AMENDMENT VIOLATION
15        OF DELIBERATE INDIFFERENCE
16        TO SERIOUS MEDICAL CONDITION
17        AND TREATMENT. ]

18

19     54.) Plaintiff alleges And incorporates by reference
20  of  paragraph's 1 through 53 of the complaint:
21        A.) Defendant(s) Sue Risenhoover, Facility Nurse
22  Practitioner [F.N.P.] And James Flowers, Registered Nurse [R.N.]
23  violated Plaintiffs' Eighth Amendment Constitutional Right by
24  their deliberate Indifference in failure to recognize a serious
25  Medical Condition and proper medical treatment of the right
26  knee causing Pain and Suffering.

27

28              -21-        AMENDED COMPLAINT

1    B.) Defendant(s) Sue Risen Hoover and James Flowers
2 violated Plaintiffs' eighth amendment constitutional right by
3 deliberate Indifference to numerous requests from Plaintiff
4 for Medical treatment, M.R.I. [magnetic Resonance Imaging] and
5 Surgery in an attempt to assess damages to the right Knees
6 Cartilage, tendons and muscles.

7    C.) Defendant(s) Sue Risen Hoover and James Flowers
8 violated Plaintiffs' Eighth Amendment constitutional right by
9 their deliberate Indifference in failing to provide proper
10 medical care and treatment of the right Knee after repeated
11 notifications of the severe pain and Suffering that affected
12 Plaintiffs' daily activities from April 2, 2006 to Present
13 day.

14    d.) Defendant(s) Michael Sayre; Sue Risen Hoover, and
15 James Flowers violated Plaintiffs Eighth Amendment constitutional
16 right in their designated Medical Personnel positions that
17 showed "deliberate Indifference" by Continuous Denial of proper
18 Physical medical Examination and Magnetic Resonance Imaging
19 [M.R.I.] to the right Knee to enable the contracted
20 Orthopedic Surgeon to review the Imaging but by their
21 continual denial of medical consultation; the progression
22 of damage to the right Knee progressed from 2006 to the
23 present date that constituted cruel and unusual Punishment
24 and the severity of pain and Suffering occurred daily to
25 affect Plaintiffs daily activities.

26    e.) Defendant(s) Michael Sayre; Sue Risen Hoover and
27
28    -22-    AMENDED COMPLAINT

1  James Flowers violated Plaintiffs Eighth Amendment
2  Constitutional Right by their "deliberate Indifference" to the
3  ongoing and progressive damage to the right knee
4  exhibited cruel and unusual punishment to a known serious
5  medical need that caused pain and suffering from 2006 to
6  present date.
7      F.) Defendant(s) Michael Sayre; Sue Risenhoover and
8  James Flowers violated Plaintiffs Eighth Amendment
9  Constitutional Rights from cruel and unusual punishment
10 by their failure to properly diagnose a serious medical
11 condition of damage to the right knee, Tendons, Ligaments
12 and Potential tear of the medial Miniscus by ordering
13 a consultation with the contracted Orthopedic Surgeon
14 Gregory Duncan, M.D.; to examine Plaintiffs Right knee from
15 2006 to present date.
16     G.) Defendant(s) Michael Sayre; Sue Risenhoover and James
17 Flowers violated Plaintiffs Eighth Amendment Constitutional
18 Right by demonstrating "deliberate Indifference" to the
19 severe medical condition of the right knee which constitutes
20 cruel and unusual punishment after written and verbal
21 notification of severe pain and suffering in the right knee;
22 Defendant(s) then confiscated Plaintiff's knee brace sleeve
23 on June 14th 2007, leaving Plaintiff to suffer movement,
24 imbalance, severe increased pain, swelling, numbness and
25 Grinding in the right knee joint in June, 2007 to present
26 day.
27
28                    -23-          AMENDED COMPLAINT

1    H.) Defendant(s) Michael Sayre, Sue Risenthoover and
2    James Flowers violated Plaintiffs' First, Eighth, and Fourteenth
3    Amendment's by Submitting incorrect documentation on an
4    Inmate Appeal/Grievance, to deny medical treatment for severely
5    painful and damaged right knee. These Defendant's ignored
6    written and verbal communications by Plaintiff that an X-Ray
7    would not clearly show any muscle, tendon, or cartilage damage
8    but would require Magnetic Resonance Imaging [M.R.I.] as
9    was necessary on the two (2) previous occasions prior to
10   Orthopedic Surgery.
11        I.) Defendant(s) Michael Sayre, Sue Risenthoover and
12   James Flowers violated Plaintiffs' First, Eighth and Fourteenth
13   Amendments by Submitting and personally verifying each other's
14   Incorrect Statements on an Appeal/Grievance in denying
15   Plaintiff proper medical care and treatment for a severely
16   damaged right knee demonstrates deliberate Indifference
17   and cruel and Unusual punishment by their action and
18   inactions to cause Plaintiff pain and Suffering in denying
19   medical care and treatment.
20
21
22        <u>Second Cause Of Action</u>
23
24        [ VIOLATION OF FIRST AND FOURTEENTH
25          AMENDMENTS APPEAL INVESTIGATIONS
26          POLICY AND PROCEDURES ]
27
28                      -24-              <u>AMENDED COMPLAINT</u>

55.) Plaintiff alleges and incorporates by reference to paragraphs 1 through 53 in the Complaint:

A.) Defendant(s) Joseph Kravitz, Maureen Mclean, Michael Sayre, Sue Risenhoover and James Flowers violated Plaintiffs' First and Fourteenth Amendments by submitting incorrect documentation in their Appeal/Grievances responses that attempted to verify each other's statements as of September 19th and 20th 2006. Findings: Stating Defendant Maureen Mclean was assigned to investigate Plaintiffs allegations and, Defendant Joseph Kravitz, was conducted of the issues in the Inmate Appeal/Greivance. The medical Program for Physical Therapy occurred on four (4) occasion's in October 2006; But although the program was inacted it was too strenuous for Plaintiffs severely damaged right knee and, caused further damage, Pain and suffering. The medication "Amitriptyline" (A.C.L. 25mg) tablet was ordered for thirty (30) day's and then reduced to Ten (10) mg., without any consultation; The medical chrono for one (1) year knee sleeve was suddenly canceled on June 14th, 2007; And the knee sleeve confiscated by medical personnel for no apparent medical reason. By these defendant(s) actions Plaintiff has been denied proper medical care and treatment for a known severe medical condition; Has subjected Plaintiff to pain and suffering without a justification or Penological interest.

-25-        <u>AMENDED COMPLAINT</u>

1         <u>Third Cause of Action</u>

2

3       [Violations of First, Eighth and

4       Fourteenth Amendments - Appeal

5       Investigations, Policy and Procedures;

6       California Code of Regulations, Title

7       15 §3354]

8

9     56.) Plaintiff alleges and incorporates by reference to

10 paragraphs 1 through 53 in the complaint:

11     A.) Defendant(s) R. Pimentel; N. Grannis; Joseph

12 Kravitz; Maureen Mclean; Michael Sayre; Sue Risenthoover; and

13 James Flowers violated Plaintiffs' First, Eighth and Fourteenth

14 Amendments rights by submitting incorrect documentation

15 and failure to investigate issues cited in the Inmate Appeal/

16 Grievance form but did a cursory verification of each other's

17 conspiratorial statements/findings: The Defendant(s) Responses

18 cite the California Code of Regulations; Title 15, Section §3354

19 establishes that "<u>ONLY</u>" qualified staff <u>SHALL</u> be permitted to

20 diagnose illness, prescribe medication and medical treatment

21 for inmates. Defendant Sue Risenthoover is a "<u>NURSE</u>" and

22 does "NOT" have a Medical degree nor Physicians License to

23 practice medicine, diagnose illnesses or diagnose Orthopedic

24 Specialties injuries in the State of California, but Defendant

25 Sue Risenthoover has continually denied Plaintiff access to a

26 Physician and/or Orthopedic Specialist Gregory Duncan,

27

28             -26-     <u>AMENDED COMPLAINT</u>

1 Consultant for the Prison, to assess the medical course and
2 treatment of Plaintiffs' severely damaged and painfull right
3 Knee, which constitutes "deliberate Indifference" and "cruel
4 and Unusual Punishment" in regards to Defendant(s) action
5 to cause Plaintiff Pain and Suffering.
6
7
8                   Fourth Cause Of Action
9
10          [ violations of First and Eighth
11              Amendments- Appeal Investigations-
12              Policy and Procedures; California
13              code Of Regulations-Title 15, Section
14              § 3084 ]
15
16          57.) Plaintiff alleges and incorporates by reference to
17 paragraphs 1 through 53 on the complaint:
18          A) Defendant(s) Joseph Kravitz; Maureen Mclean; Michael
19 Sayre; Sue Risenhoover and James Flowers violated Plaintiffs First
20 and Eighth Amendments by Knowingly and failure to afford
21 or order proper medical care and treatment for a Known
22 Severe physical injury documented on Plaintiffs' medical file,
23 which each defendant had access to, and reviewed to show
24 that orders had been previously issued for two (2) seperate
25 Magnetic Resonance Imaging [M.R.I.] prior to two (2) Orthopedic
26 Surgeries on the right Knee in 2004 and 2005. The Defendant(s)
27
28                   -27-          AMENDED COMPLAINT

1  failed to perform an investigation to the Appeal/Grievance issues
2  that violated the Policies and Procedures outlined in the
3  California Code of Regulations — Title 15, Section 3084, and who
4  knowingly attempted to cover Up Defendant Sue Risen Hoover's
5  actions and inactions to deny Plaintiff proper medical care and
6  treatment for a known severe right knee injury, which clearly
7  demonstrated "deliberate Indifference", with a culpable state of
8  mind, that constitutes Cruel and Unusual Punishment to Plaintiffs'
9  Long standing Pain and Suffering.

10

11

12          <u>Fifth Cause Of Action</u>

13

14          [Violation Of First, Eighth And
15          Fourteenth Amendments — Appeal
16          Investigation — Policy And
17          Procedures; Cruel And Unusual
18          Punishment — Pain And Suffering]

19

20      58) Plaintiff alleges and incorporates by reference to
21  Paragraphs  7  through  53  to the complaint:
22          A) Defendant(s) R. Pimental; N. Grannis; Joseph
23  Kravitz; Maureen Melean; Michael Sayre; Sue Risen Hoover and
24  James Flowers violated Plaintiffs' First, Eighth and Fourteenth
25  Amendment(s) by failure to properly investigate an Inmate
26  Appeal/Grievance form issues and Personal knowledge of

27

28              <u>- 28 -</u>        <u>AMENDED COMPLAINT</u>

1   Plaintiffs Serious medical condition but continue to deny
2   proper medical care and treatment, for a severely damaged
3   right Knee. Each Defendant had personal Knowledge and/or
4   reviewed Plaintiffs' Medical files and Any reports. Defendant
5   James Flowers documented on the Inmate Appeal/Grievance
6   on June 29th, 2006, Stated that on August 29th, 2005, And January
7   12, 2006, an X-Ray was done on the right Knee which showed
8   a "NORMAL KNEE" and/or "NORMAL KNEE WITH INTERUAL changes".
9   Plaintiff had Orthopedic Surgery on July 20, 2004, and on
10  November 8, 2005, on the right Knee. Defendant Michael Sayre
11  Saw Plaintiff on June 19, 2006, who observed and documented
12  that Plaintiffs right Knee medical problem, upon removal of a
13  Black Neoprene Knee Sleeve noted: "The Patella was Tender TO
14  Palpate, as well as the medial/lateral Joint Lines, Plaintiff
15  Stated it hurt to extend the Knee". Due to the Defendant(s)
16  documentation and review of Plaintiffs' Medical file showed
17  a Culpable State of mind to Plaintiffs' Serious medical
18  Condition Clearly show's "deliberate Indifference" by each defendant
19  Constitutes cruel and Unusual Punishment by the Pain and
20  Suffering Plaintiff has Suffered since 2006 up to present date.
21
22
23              C A U S A T I O N
24
25          As a direct and proximate result of the
26  Aforementioned acts and omissions on the part of Defendant(s),
27
28                  -29-            AMENDED COMPLAINT

1  Plaintiff has suffered and continues to suffer General and
2  special damages in an amount to be proven at trial. Plaintiff
3  has no further plain, adequate or complete remedy at Law to
4  redress wrongs described herein. Plaintiff has been and will
5  continue to be irreparable injured by the conduct of Defendant(s)
6  Unless the court Grants the Declaratory and Injunctive Relief
7  which Plaintiff seeks.
8
9

## Conclusion

11
12        Wherefore, Plaintiff requests that this Honorable Court
13  GRANT the following relief:
14        A.) Issue declaratory Judgement that the Defendant(s)
15  violated Title 15, California Code of Regulations; California State
16  Law and United States Constitutional Rights first, Eighth and
17  fourteenth Amendments, when they:
18        1.) violated Plaintiffs clearly established First Amendment
19  Right Under title 15, California Code of Regulations; California
20  and United States Constitutions;
21        2.) violated Plaintiffs clearly established First and
22  fourteenth Amendments rights to an Inmate Appeal/Grievance
23  form to notify and see administrative remedy to correct
24  denial of proper medical care and treatment for a serious
25  medical condition of the right knee;
26        3.) violated Plaintiffs' clearly established First and
27
28              - 30 -        AMENDED COMPLAINT

1  fourteenth Amendments right to file an Inmate Appeal/Grievance
2  form to recieve proper medical attention from a licensed Physician
3  for the serious medical problem of the right Knee.
4        4) Violated Plaintiffs' clearly established First and
5  fourteenth Amendments right to file an Inmate Appeal/Grievance
6  form to obtain a proper Investigation in the denial of proper
7  medical care and treatment for a serious medical Problem as
8  each defendant Knew of or should have Known or by reviewing
9  Plaintiffs medical file.
10       5.) Violated Plaintiffs clearly established First and fourteenth
11  Amendments right to file an Inmate Appeal/Grievance form and
12  be afforded an unbiased investigate when the facts are in
13  Plaintiffs Medical file to prove two(2) prior M.R.I's and
14  Surgeries on the right Knee, that required a third (3rd)
15  Orthopedic Surgery to correct the right Knee damage.
16       6.) Violated Plaintiffs clearly established First and fourteenth
17  Amendments right to file an Inmate Appeal/Grievance form to
18  correct incorrect or false documentation submitted into the
19  Central Prison file and/or medical file to prevent proper medical
20  care and treatment for the damaged right Knee.
21       7.) Violated Plaintiffs' clearly established Eighth Amendment
22  right by showing deliberate Indifference to a Known serious
23  medical condition that caused cruel and unusual punishment by
24  the severe pain and suffering.
25       8.) Violated Plaintiffs' clearly established Eighth Amendment
26  right by showing deliberate Indifference through Culpable State
27
28                         -31-              AMENDED COMPLAINT

1  of mind for denial of proper medical care and treatment was
2  cruel and unusual punishment for a known severely damaged
3  right knee that caused pain and suffering.
4      9.) Violated Plaintiffs clearly established Eighth Amendment
5  Right by denying, delaying or intentionally interfere with
6  medical treatment that is necessary to remove and correct the
7  severe damage to the right knee.
8      10.) Violated Plaintiffs clearly established Eighth
9  Amendment right to be afforded a Magnetic Resonance Imaging
10  [M.R.I.] to determine the damage to the right knee for
11  corrective surgery.
12      11.) Violated Plaintiffs clearly established Equal Protection
13  rights as a prisoner under Article 1, Section 7, of the
14  California Constitution and the Fourteenth Amendment of the
15  United States Constitution.
16
17      B.) Grant compensatory damages in the amount of
18  $1,000,000 ºº [one (1) million] dollars for Pain and Suffering
19  from each Defendant;
20
21      C.) Grant General and Special damages in the amount
22  to be determined by a jury at the time of trial;
23
24      D.) Grant Judgement of Punitive damages in the
25  amount of $1,000 ºº [one (1) thousand] dollars, per day, from
26  each defendant individually and Seperately;
27
28                    -32-          AMENDED COMPLAINT

1    E.) Grant Compensatory damages in the amount

2 of $ 1,000,000 ⁰⁰ [one (1) million] dollars for Cruel and Unusual

3 Punishment and pain and Suffering against each Defendant,

4 individually and Seperately;

5

6    F.) Trial by Jury on All issues triable by Jury;

7    G.) Judgement against each defendant for the cost

8 of this Lawsuit and Pursuit of Civil Action Complaint;

9    H.) Reasonable Attorney fees as provided by 42 U.S.C.

10 § 1988;

11    I.) Such other and further relief this Court may

12 deem just, proper and equitable.

13

14

15 Dated: June 15th, 2008        Respectfully Submitted

16                /s/ Michael P. Williams

17                Michael P. Williams /#J-67958

18

19              IN PROPRIA PERSONAM

20

21

22

23

24

25

26

27

28        -33-     AMENDED COMPLAINT

CDC NO: J-67856   HOUSING: D-1-15

PELICAN BAY STATE PRISON
P.O. BOX 7500



PELICAN BAY STATE PRISON
5905 Lake Earl Dr.
Crescent City CA 95532

UNITED STATES POSTAGE
PITNEY BOWES

02 1M
0004217666
MAILED FROM ZIPCODE 95531
$ 04.80°
JUN 18 2008

U.S. Northern Dist. of Ca.
U.S. Courthouse.
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483