**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS, ) | No. C 07-5574 MMC (PR) |
| )  Plaintiff, ) | **ORDER SETTING BRIEFING** |
| ) | **SCHEDULE FOR FILING OF** |
| v. ) | **DISPOSITIVE MOTION;** |
| ) | **ADDRESSING PLAINTIFF'S** |
| SCOTT KERNAN, et al., ) | **PENDING MOTIONS** |
| ) | |
| Defendants. ) | **(Docket Nos. 22, 25, 27 & 30)** |
| _____ ) | |

On November 1, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees, claiming deliberate indifference to his serious medical needs and seeking injunctive relief. On April 18, 2008, the Court found the complaint stated cognizable claims for relief against defendants J. Flowers, Sue Risenhoover, Dr. Michael Sayre, Joseph Kravitz, Maureen McLean, N. Grannis and R. Pimental, and ordered the complaint served on those defendants. The Court further found plaintiff had not stated cognizable claims for relief against defendants Scott Kernan, Robert Horel and C. Scavetta; consequently, the Court dismissed those defendants and granted plaintiff leave to file an amended complaint curing the pleading deficiencies explained in the order. On June 23, 2008, plaintiff filed an amended complaint from which the claims against defendants Kernan, Horel and Scavetta had been stricken.

On July 16, 2008, the case was referred to the Northern District's Pro Se Prisoner Mediation Program. On November 19, 2008, Magistrate Judge Nandor Vadas reported that a settlement conference was held on November 6, 2008, and that the parties were unable to

reach a settlement agreement. (Docket No. 24.) Consequently, the Court will set a briefing schedule, as set forth below, with respect to defendants' filing of a dispositive motion.

The Court also addresses herein various procedural motions filed by plaintiff. First, plaintiff has filed a motion asking the Court to rule on his amended complaint. The motion is hereby DENIED as moot. The amended complaint raises no new claims against the defendants who already have been served herein; consequently, no review of the amended complaint by the Court is necessary under 28 U.S.C. § 1915A, and plaintiff is responsible for serving the amended complaint on defendants.

Next, plaintiff has filed two motions asking the Court to order prison officials to provide him with four hours of library access per week, so that he may prepare his opposition to defendants' motion for summary judgment. The motions are hereby DENIED as premature; no motion for summary judgment has yet been filed.

Finally, plaintiff moves for the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

Additionally, the Court hereby orders as follows:

1. Within **ninety (90)** days of the date this order is filed, defendants shall file a

motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

  2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

   a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

3

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

3. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

1       7. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
2 informed of any change of address and must comply with the court's orders in a timely
3 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
4 pursuant to Federal Rule of Civil Procedure 41(b).
5       8. Any motion for an extension of time must be filed no later than the deadline sought
6 to be extended and must be accompanied by a showing of good cause.
7       This order terminates Docket Nos. 22, 25, 27 and 30.
8       IT IS SO ORDERED.
9 DATED: April 14, 2009

                                          _____
                                          MAXINE M. CHESNEY
                                          United States District Judge

5