1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
MICHAEL P. WILLIAMS,            )   No. C 07-5574 MMC (PR)
11                                )
              Plaintiff,          )   **ORDER DENYING DEFENDANTS'**
12                                )   **MOTION TO DISMISS; DENYING**
   v.                             )   **PLAINTIFF'S MOTION FOR**
13                                )   **DISCOVERY; DIRECTIONS TO**
   SCOTT KERNAN, et al.,          )   **PLAINTIFF**
14                                )
              Defendant.          )   (Docket Nos. 41, 42 & 46)
15                                )
_____  )
16

17
18        On November 11, 2007, plaintiff, a California state prisoner incarcerated at Pelican

19   Bay State Prison ("PBSP") and proceeding pro se, filed a civil rights complaint pursuant to

20   42 U.S.C. § 1983, alleging that various PBSP employees were deliberately indifferent to his

21   serious medical needs, in violation of the Eighth Amendment.  Now before the Court are

22   (1) defendants' motion to dismiss the claims against defendants N. Grannis ("Grannis") and

23   R. Pimental ("Pimental") (Docket No. 42), and (2) plaintiff's motion to compel discovery

24   (Docket No. 46).

     **A.    Motion to Dismiss**
25
          Defendants move to dismiss the claims against defendants Grannis and Pimental,
26
27   (Docket No. 42), the individuals who are alleged to have reviewed plaintiff's prison

28   grievances in their respective roles as Chief of Inmate Appeals for the Department of

Corrections and Rehabilitation, and Appeals Examiner and Facility Captain for Pelican Bay

State Prison.  Defendants bring such motion, pursuant to Rule 12(b)96) of the Federal Rules

of Civil Procedure, on the ground that plaintiff has no constitutional right to an

administrative appeal or grievance system.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to

state a claim for relief that is plausible on its face." Bell Atlantic Corp v Twombly, 127 S. Ct

1955, 1974 (2007).  The court "must accept as true all of the factual allegations contained in

the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), but need not accept as true

allegations that are legal conclusions, unwarranted deductions of fact or unreasonable

inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d

1187 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica

Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must construe the complaint in the light

most favorable to the plaintiff and accept all factual allegations as true.  See Cahill v. Liberty

Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Federal courts are particularly liberal in

construing allegations made in pro se civil rights complaints.  See Thompson v. Davis, 295

F.3d 890, 895 (9th Cir. 2002).  In ruling on a Rule 12(b)(6) motion, the court may not

consider any material outside the complaint but may consider exhibits attached thereto.  See

Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed.

R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of

12(b)(6) motion).

An administrator may be liable for deliberate indifference to a serious medical need if,

for example, he or she fails to respond to a prisoner's request for help.  See Jett v. Penner,

439 F.3d 1091, 1098 (9th Cir. 2006).  Here, plaintiff has alleged that Grannis and Pimental

violated his First, Eighth, and Fourteenth Amendment rights when they failed to properly

investigate plaintiff's complaints that he was receiving constitutionally inadequate health care at the hands of the other defendants.  By such allegation, plaintiff has pleaded, given the standard for administrative liability set forth in <u>Jett</u>, "enough facts to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Accordingly, defendants' motion to dismiss will be denied, and defendants will be directed to file a motion for summary judgment or, alternatively, if defendants are of the opinion that this case cannot be resolved by summary judgment, to so inform the Court prior to the date the summary judgment motion is due.

**B.    <u>Motion to Compel</u>**

Plaintiff has filed a motion to compel discovery (Docket No. 46).  To date, however, the majority of defendants remain unserved, Grannis and Pimental being the sole exceptions.

Accordingly, as to the unserved defendants, plaintiff's motion for discovery will be denied without prejudice as premature.  As to Grannis and Pimental, the motion likewise will be denied without prejudice, as there is no indication that plaintiff has fulfilled the meet and confer requirement under Federal Rule of Civil Procedure 37(a)(2)(A).

**C.    <u>Unserved Defendants</u>**

As noted above, no defendants other than Grannis and Pimental have been served.  In particular, defendants Flowers, Risenhoover, Sayre, Kravitz, and McLean remain unserved. (<u>See</u> Docket Nos. 31–35.)

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The Court must appoint the Marshal to effect service, <u>see</u> Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, <u>see</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."

Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for over 120 days, and, consequently, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve the above-referenced additional five defendants, plaintiff must remedy the situation or face dismissal of his claims against them. See Walker, 14 F.3d at 1421–22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself serve the unserved defendants with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve such defendants. If plaintiff fails to effectuate service, or provide the Court with an accurate current location for such defendants, within thirty days of the date this order is filed, plaintiff's claims against the unserved defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is hereby DENIED. (Docket Nos. 41 & 42.)

2. Within sixty (60) days of the date this order is filed, defendants shall file a motion for summary judgment with respect to the above-referenced cognizable claim.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

b. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants no later than thirty (30) days from the date defendants' motion is filed.

The Ninth Circuit has held that the following notice should be given to plaintiffs:

4

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

c. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Plaintiff's motion to compel is hereby DENIED. (Docket No. 46.)

4. Within thirty (30) days of the date this order is filed, plaintiff shall either himself serve the unserved defendants with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve said defendants.

5

This order terminates Docket Nos. 41, 42 & 46.[1]

**IT IS SO ORDERED**.

DATED: March 1, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Docket No. 41 was superseded by Docket No. 42.