IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 07-5574 MMC (PR)<br><br>**ORDER DIRECTING DEPUTY ATTORNEY GENERAL TO ADDRESS OUTSTANDING SERVICE MATTERS; VACATING PRIOR SCHEDULE FOR FILING OF SUMMARY JUDGMENT MOTION BY DEFENDANTS PIMENTAL AND GRANNIS; DENYING PLAINTIFF'S REQUEST FOR LAW LIBRARY ACCESS** |

　　　　On November 1, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action against various PBSP and California Department of Corrections and Rehabilitation ("CDCR") employees, claiming deliberate indifference to his serious medical needs. Thereafter, the Court ordered the complaint served on PBSP defendants J. Flowers, Sue Risenhoover, Dr. Michael Sayre, Joseph Kravitz, Maureen McLean and R. Pimental, and CDCR employee N. Grannis. (Docket No. 12.)

　　　　To date, only defendants R. Pimental, Appeals Examiner and Facility Captain for PBSP, and N. Grannis, Chief of Inmate Appeals for the CDCR, have been successfully served and appeared herein. None of the other defendants, each of whom is a medical practitioner at PBSP, has been served. By order filed March 1, 2010, the Court informed plaintiff that to avoid dismissal of the unserved defendants pursuant to Rule 4(m) of the

Federal Rules of Civil Procedure, he must either himself serve the unserved defendants with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve said defendants. (Docket No. 47.)

Plaintiff responded by providing the Court with addresses for the unserved defendants. (Docket No. 48.) The Court has reviewed the addresses provided by plaintiff, and they are the same addresses to which the original summonses were sent, specifically, the institutional address for PBSP. Ordinarily, in the Northern District, a summons served at the prison at which the defendant is employed is received by the Litigation Coordinator at the prison, who then either forwards the summons to the defendant or returns the summons to the Marshal if the defendant cannot be located. Here, the notation on each summons returned to the Court by the Marshal states: "No acknowledgment rcv'd as of this date"; there is no statement, however, that any defendant cannot be located. (Dockets No. 31, 32, 33, 34, 35.) Consequently, it appears either that the Litigation Coordinator at PBSP did not forward the summonses to said defendants, or that the summonses were forwarded but for some reason counsel has not appeared on their behalf.

Accordingly, good cause appearing, within **twenty** days of the date this order is filed, Deputy Attorney General Kay Yu, who is representing R. Pimental and N. Grannis, the defendants who have appeared herein, shall, with respect to each of the above-named other defendants, inform the Court as to whether such defendant has been successfully served. If service has been accomplished, and if appropriate, said counsel shall file an appearance on behalf of any defendant so served. If service has not been accomplished, said counsel shall inform the Court as to whether such defendant will waive service of process and, if so, shall, if appropriate, file an appearance on behalf of each such defendant. The Court thereafter will issue a scheduling order for the filing of a motion for summary judgment or other dispositive motion.

Next, it has come to the Court's attention that defendants R. Pimental and N. Grannis have not complied with the Court's order dated March 1, 2010, by which order the Court denied said defendants' motion to dismiss and directed them to file, within sixty days, a

motion for summary judgment or, alternatively, if defendants were of the opinion that this case cannot be resolved by summary judgment, to so inform the Court prior to the date the summary judgment motion was due. (Docket No. 47 at 3:5-8.) In the interest of efficient resolution of the matters herein, the Court hereby VACATES its prior scheduling order, and directs defendants R. Pimental and N. Grannis to file their motion for summary judgment in accordance with the scheduling order that will be issued after the other defendants, if any, have appeared herein.

Lastly, plaintiff has filed a request for a court order directing prison officials to provide him with two to four hours a week of law library access for the purpose of litigating the instant action. Plaintiff's request is hereby DENIED, as there currently is no court-ordered deadline plaintiff must meet and, consequently, the Court finds plaintiff does not require such law library access at this time.

This order terminates Docket No. 51.

IT IS SO ORDERED.

DATED: February 3, 2011

_____
MAXINE M. CHESNEY
United States District Judge