United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS, <br> Plaintiff, <br> v. <br> SCOTT KERNAN, et al., <br> Defendants. | No. C 07-5574 MMC (PR) <br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br> **(Docket No. 60)** |

On November 1, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees, claiming deliberate indifference to his serious medical needs. On April 18, 2008, the Court found the complaint stated cognizable claims for relief against defendants J. Flowers ("Flowers"), Sue Risenhoover ("Risenhoover"), Michael Sayre ("Dr. Sayre"), Joseph Kravitz ("Kravitz"), Maureen McLean ("McLean"), N. Grannis ("Grannis") and R. Pimental ("Pimental"), and ordered the complaint served on those defendants. The Court further found plaintiff had not stated cognizable claims for relief against defendants Scott Kernan, Robert Horel and C. Scavetta; consequently, the Court dismissed those defendants and granted plaintiff leave to file an amended complaint curing the pleading deficiencies explained in the order. On June 23, 2008, plaintiff filed an amended complaint ("FAC") from which the claims against defendants Kernan, Horel and Scavetta had been stricken.

On July 16, 2008, the case was referred to the Northern District's Pro Se Prisoner Mediation Program. On November 19, 2008, Magistrate Judge Nandor Vadas reported that a

settlement conference was held on November 6, 2008, and that the parties were unable to reach a settlement agreement. Now before the Court is defendants' motion for judgment on the pleadings.

**BACKGROUND**

The following is taken from the FAC.

At the time of the events giving rise to the instant action, defendants Risenhoover and Flowers were nurses at PBSP (FAC at 4), defendant Sayre was the Chief Medical Officer at PBSP (id. at 3), defendant Kravitz was the Health Program Coordinator and defendant McLean the Health Care Manager at PBSP (id. at 4-5), defendant Pimental was the designated Appeals Examiner at PBSP, and defendant Grannis was the Chief of Inmate Appeals for the California Department of Corrections (id. at 5-6).

On July 20, 2004, plaintiff had arthroscopic knee surgery, with partial meniscetomy, on his right knee. (FAC at 7.) On May 6, 2005, plaintiff received an MRI, the results of which showed further surgery was required. (Id. at 12.) On November 8, 2005, plaintiff underwent a second arthroscopic knee surgery, with partial meniscetomy, on his right knee. (Id. at 7.) The surgery was conducted by an orthopedic surgeon, Gregory Duncan ("Dr. Duncan"). (Id. at 7-8.)

From April 2006 through December 2006, plaintiff submitted 15 separate treatment request forms to prison medical staff, complaining about right knee pain and seeking an additional MRI. (Id. at 8-18.) Therein, plaintiff informed staff that the pain medication he had been prescribed was not working. (Id.) Plaintiff also informed staff that Dr. Duncan had purportedly stated that a third surgery would be required to fully correct the damage. (Id.) During this time, plaintiff was seen by defendant Dr. Sayre, defendant nurse Risenhoover, and another nurse, Linda Gaum. (Id.) Plaintiff alleges defendants failed to prescribe adequate pain medication and failed to provide the requested MRI. (Id.) Plaintiff also alleges defendant nurse Flowers denied several of his requests for medical interviews. (Id.)

On June 14, 2006, plaintiff filed a 602 inmate appeal, seeking an MRI. (Id. at 12.) The appeal was denied on June 29, 2006. (Id.) That same day, plaintiff appealed to the

2

formal level of review, which denied the appeal on August 16, 2006.  (Id. at 12, 14.)   In September 2006, at the second formal level of review, defendants Kravitz and McLean partially granted the appeal by approving plaintiff for physical therapy, and denied the appeal to the extent it requested an MRI.  (Id. at 15-16.)  On November 28, 2006, at the Director's Level of Review, defendant Grannis approved the previous level's response to the appeal.  (Id. at 16.)

From May 2007 through September 2007, plaintiff was seen by defendant nurse Risenhoover for his right knee pain.  (Id. at 19-20.)  Plaintiff claims that, by this time, he had received "Physician's Orders" from Dr. Duncan recommending an MRI of plaintiff's right knee to determine recurrent tears.  (Id. at 18.)  Plaintiff claims defendants nevertheless continued to deny him an MRI.  (Id. at 18-19.)  Plaintiff also claims defendants confiscated his knee brace in June 2007, causing him to suffer imbalance, increased pain, swelling, numbness, and grinding in his right knee joint.  (Id. at 23.)

## DISCUSSION

I.    Standard of Review

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial.  Fed. R. Civ. P. 12(c).  The standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule 12(b) motion to dismiss for failure to state a claim.  "[J]udgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law."  Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993).  For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990).  A court need not, however, automatically accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

3

II. Analysis

    A.    Eighth Amendment Claim

In his First Cause of Action, plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs. (FAC at 21-24.) Defendants contend plaintiff fails to state an Eighth Amendment claim. The Court disagrees.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, plaintiff alleges that, beginning in April 2006, defendants' actions prevented him from receiving an MRI scan and further knee surgery as recommended by his orthopedic surgeon. Plaintiff also alleges that defendants failed to provide medication sufficient to alleviate his severe pain and that defendants confiscated a knee brace, causing him unnecessary, additional pain. The Court finds the allegations in the FAC, when liberally construed and accepted as true, are sufficient to give rise to an inference that defendants acted with deliberate indifference, as reflected in their unresponsiveness to plaintiff's multiple requests for medical assistance. Accordingly, the Court finds plaintiff's allegations are sufficient to plead a claim that defendants were deliberately indifferent to plaintiff's serious medical needs, and, consequently, defendants are not entitled to judgment on the pleadings on plaintiff's Eighth Amendment claim.

The Court notes, however, that its ruling on defendants' motion as to this claim addresses only the question of the sufficiency of the pleadings. Defendants are not foreclosed from filing a motion for summary judgment, pursuant to the schedule set forth below, at which time the Court can consider evidence beyond the face of the complaint.

B. <u>First and Fourteenth Amendment Claims</u>

In his Second through Fifth causes of action, plaintiff alleges First and Fourteenth Amendment claims arising from defendants' alleged violations of the inmate appeal policy and procedure. (FAC at 24-29.) Defendants contend plaintiff fails to state a claim under either the First or Fourteenth Amendment. The Court agrees.

There is no constitutional right to a prison administrative appeal or grievance system. <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Consequently, an incorrect decision on an administrative appeal or a failure to handle it in a particular way does not amount to a violation of plaintiff's constitutional rights. <u>See id.</u>

Accordingly, plaintiff's First and Fourteenth Amendment claims will be dismissed with prejudice.

C. <u>State Law Claim</u>

As part of his Third Cause of Action, plaintiff alleges a violation of Title 15, California Code of Regulations, section 3354 (FAC at 26), which states in relevant part:

> Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so.

15 C.C.R. § 3354(a). Defendants contend plaintiff fails to state a claim under said regulation. The Court agrees.

Plaintiff's sole allegation in relation to such claim is that defendant Risenhoover was not authorized to treat him because she is a nurse and therefore lacked a medical degree or physician's license. (FAC at 26.) Section 3354, however, authorizes "health care staff" to provide "health care treatment for inmates." Nothing in the regulation defines "health care

5

staff" to exclude nurses from providing "health care treatment." Accordingly, to the extent plaintiff asserts a cause of action under 15 C.C.R. § 3354, the claim will be dismissed.

Moreover, plaintiff fails to allege he has complied with the California Tort Claims Act, as required for this claim. "When defendants are public employees, the plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law." Dennis v. Thurman, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997) (citing California Tort Claims Act, Cal. Gov't. Code §§ 945.4, 950.2). "Under California law, claims procedures apply to inmates." Id. (citing Cal. Gov't. Code § 945.6(c)). "The filing of a claim is a condition precedent to the maintenance of an action under state law and an integral part of the cause of action," id. (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988)), and such claim must be filed within six months of the conduct constituting the cause of action, Cal. Gov't. Code § 911.2(a). Further, "[t]he complaint must allege compliance with the claims procedure, and failure to make this allegation provides grounds to dismiss the claims." Dennis, 959 F. Supp. at 1264 (citing Karim-Panahi, 839 F.2d at 627). Here, as noted, the FAC does not allege compliance with the claims procedure. Accordingly, to the extent plaintiff asserts a cause of action under 15 C.C.R. § 3354, the claim will be dismissed for such additional reason as well.

As the legal basis of plaintiff's claim is not cognizable, and, as plaintiff does not assert in his opposition to the current motion that he submitted a written claim to the appropriate entity within six months of the alleged violation, the Court finds leave to amend this claim would be futile. Accordingly, the dismissal will be with prejudice.

D.    Official Capacity Claims

Defendants contend all claims against defendants in their official capacities are subject to dismissal. The Court agrees.

It is well established that a claim for damages against a state official in his official capacity is barred by the Eleventh Amendment. See Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); see also Will v. Michigan Dep't. of State Police, 491 U.S.

58, 71 (1989) (holding "neither a state nor its officials acting in their official capacities" may be sued under section 1983).

Accordingly, the FAC fails to state a claim against defendants in their official capacities, and all claims against defendants in their official capacities will be dismissed with prejudice. To the extent plaintiff's surviving claims for damages are brought against defendants in their individual capacities, such claims are unaffected by this ruling.

E.   Respondeat Superior Claims

Defendants contend plaintiff's claims based on "respondeat superior" must be dismissed. The FAC, however, contains no allegation of liability based on such theory. Accordingly, defendants' motion for judgment on any such claim will be denied as moot.

F.   Punitive Damages

Defendants contend plaintiff has failed to allege a sufficient basis for punitive damages. Punitive damages may only be awarded "when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (internal quotation and citation omitted). Here, as discussed above, the Court has found plaintiff's allegations in support of his Eighth Amendment claim, when liberally construed, sufficiently allege defendants acted with deliberate indifference to his constitutional rights. Accordingly, defendants' motion for judgment on plaintiff's punitive damages claim will be denied.

G.   Attorney's Fees

Defendants contend plaintiff's claim for attorney's fees should be dismissed because plaintiff is not represented by counsel. The Court finds defendants' argument premature. The case is not over, and plaintiff is not foreclosed from retaining or otherwise obtaining counsel. Accordingly, defendants' motion for judgment on plaintiff's claim for attorney's fees will be denied.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for judgment on the pleadings is hereby GRANTED IN PART

and DENIED IN PART as set forth below.

2. To the extent the motion seeks judgment of dismissal of (1) plaintiff's First Amendment claim, (2) plaintiff's Fourteenth Amendment claim, (3) plaintiff's state law claim for violation of 15 C.C.R. § 3354, and (4) plaintiff's claims against defendants in their official capacities, the motion is GRANTED and said claims are DISMISSED WITH PREJUDICE; in all other respects, the motion is DENIED.

3. In order to expedite the proceedings, the Court hereby DIRECTS defendants to file, within **60 days** of the date of this order, a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable herein. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **30 days** from the date defendants' motion is filed. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the

defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **15 days** after plaintiff's opposition is filed.

7. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants' counsel, by mailing a true copy of the document to defendants' counsel.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 60.

IT IS SO ORDERED.

DATED: January 13, 2012

_____
MAXINE M. CHESNEY
United States District Judge