IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS, | No. C 07-5574 MMC (PR) |
| Plaintiff, | **ORDER PROVIDING RAND NOTICE RE: SUMMARY JUDGMENT** |
| v. | |
| SCOTT KERNAN, et al., | |
| Defendants. | |

In a recent decision, the Ninth Circuit Court of Appeals has held pro se prisoner plaintiffs must be given a Rand notice at the time a summary judgment motion is filed, rather than at an earlier stage of the proceedings such as in an order of service. See Woods v. Carey, 2012 WL 2626912 (9th Cir. July 6, 2012); see also Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) (setting forth necessary elements of required written notice to be provided to pro se prisoner litigants to apprise them of requirements to defeat summary judgment motion). Accordingly, the Court provides herein for plaintiff's information the following notice in connection with defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

As the deadline for plaintiff to file opposition to defendants' pending motion for summary judgment is August 27, 2012, plaintiff has ample time to prepare his opposition with the above Rand notice in mind,[1] and, consequently, no adjustment of the briefing schedule is necessary.

IT IS SO ORDERED.

DATED: July 10, 2012

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court also notes the above notice repeats verbatim the Rand notice provided in the Court's order of January 13, 2012.  (See Order filed January 13, 2012 at 8-9).

2